*Robert A. Smith* for defendant-appellee McCormack Corporation.

DAVE FORD, dba DAVE FORD REAL ESTATE, Plaintiff-Appellant, *v.* MR. & MRS. DONALD HOLDEN; GEORGIA DENT PARKOS; RSM, INC., a Hawaii corporation; R. GREGG HALL; and JOHN DOES I-X, Defendants-Appellees

NO. 7168

CIVIL NO. 4802

OCTOBER 20, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from two orders awarding costs and attorney's fees: one incorporated in an order granting a motion for summary judgment and entered in favor of Appellee Holden on May 4, 1978; the other, an order granting Appellees RSM, Inc. and Hall's motion for attorney's fees and costs entered on June 20, 1978 after the entry of an order for summary judgment. The notice of

appeal was filed July 19, 1978. At the time the notice of appeal was filed, no adjudication of appellant's claim against Georgia Dent Parkos had been made and there were outstanding counterclaims by Parkos against the appellant as well as cross-claims between the various parties defendant.

We dismiss the appeal. We hold that the orders appealed from were not final and hence, not appealable since no certificate under Rule 54(b), Hawaii Rules of Civil Procedure, had been obtained.

Appellant argues that the orders for attorney's fees are, per se, collateral orders which are appealable of themselves. Collateral orders which are appealable even though there is no final judgment fall within

> that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Chuck v. St. Paul Fire And Marine Insurance Co.*, 61 Haw. 552, 555, 606 P.2d 1320 (1980), quoting *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546 (1949).

The granting of the attorney's fees was dependent upon and resulted from the granting of summary judgments. In the case of Appellee Holden, the attorney's fees were, in fact, incorporated within that order. The summary judgment orders were themselves not appealable and the effect the adjudication of the remaining claims may have upon them remains unknown at this time. The orders appealed from are not within the criteria for the "small class" of collateral orders from which an appeal lies.

Accordingly, the appeal is dismissed.

*Charles S. Lotsof* for appellant.

*Sylvester V. Quitiquit (Cook, Choi, Yuda & Quitiquit* of counsel) for appellees Holden.

*Raymond K. Hasegawa (Carlsmith, Carlsmith, Wichman & Case* of counsel) for appellees RSM, Inc. and Hall.